[No. 1496.]

E. L. ALEXANDER, APPELLANT, v. THEODORE WINTERS AND THE WASHOE LAKE RESERVOIR AND GALENA CREEK DITCH COMPANY, A CORPORATION, RESPONDENTS.

### ON REHEARING.

The opinion affirming the judgment of the lower court was based upon the fact that the appellant was a stockholder of the defendant corporation, and the assumed fact that she was cognizant of and acquiesced in the Winters contract. It was urged as ground for a rehearing that the testimony did not show a word by any witness that appellant had any knowledge of the said contract until after the injuries were inflicted of which she complained: *Held*, upon review of the evidence, that the court's assumption was entirely justified.

ESTOPPEL—ACCEPTANCE OF INSTRUMENT IN PART. It is well settled that a person shall not be allowed at once to benefit by and repudiate an instrument, but, if he chooses to take the benefit which it confers, he shall likewise take the obligations or bear the onus which it imposes.

[For opinion in this case, see 23 Nev. 475.]

PETITION for rehearing. Denied.

The facts sufficiently appear in the opinion.

*Trenmor Coffin* and *Curler & Curler*, for Appellant.

*R. M. Clarke* and *Wm. Webster*, for Respondents.

ON PETITION FOR REHEARING.

By the Court, MASSEY, J.:

The appellant urges as a reason for the granting of a rehearing in this action that this court in its opinion bases its affirmance of the judgment appealed from upon the fact that the appellant was a stockholder of the corporation defendant, and upon the assumed fact that she was cognizant of the Winters contract, and acquiesced in the exercise by Winters of those rights reserved in the contract, and that a careful examination of the testimony will show that not a word by any witness upon either side tending to prove that she was present at the meeting when the corporation was organized, or that she ever had any knowledge of any of the provisions of the Winters contract, or of the existence of any contract with Winters, until after the respondents began to inflict the injuries of which she complains. If this is true, then the opinion of the court is based upon assumed facts, and the rehearing should be granted.

It appears from the record that the enterprise of constructing the dam and ditches for the purpose of storing water in Little Washoe lake for the purposes of irrigation first became a matter of discussion and consideration among the ranchers likely to be affected thereby as early as in May, 1889, if not earlier. Steps were soon taken thereafter to promote the enterprise by the location of notices of water rights covered by the Winters contract and named in the conveyance to Winters by Ball *et al.* under the name of The Washoe Lake Reservoir and Galena Ditch Company. The Winters contract was executed on the 18th day of May, 1889. The corporation was organized on the 5th day of September, 1889, and on the same day the conveyance of the water rights to Winters was made. E. O. Crane, one of the promoters of the enterprise, testified in effect, that he was the then president of the corporation defendant, and had been a stockholder therein since its organization; that the appellant was not connected with the enterprise when it was first discussed, but that she was a member at the time of the organization of the corporation; that when the enterprise was first started she was anxious to obtain an interest in it; that before

the corporation was formed, she came to witness and informed him that she desired an interest, and that he had informed her that he would speak to the company at the first meeting thereafter and try to obtain for her an interest in the same; that at the first meeting after she had made the request, he had informed the company that she desired to come in and was willing to pay her part of the expense; that this meeting was held before the corporation was formed. (Transcript, pp. 348–354.)

John Wright, the secretary of the defendant corporation since its formation, testified, among other things, that the appellant was present at the meeting held on the 5th day of September, 1889, and participated in the organization of the corporation and the adoption of its by-laws; that she signed the name of Kandler, her immediate grantor, to the by-laws containing the following preamble: " We, the undersigned stockholders of the Washoe Lake Reservoir and Galena Ditch company, do hereby adopt the following by-laws and rules as the by-laws of this association with full knowledge of all its provisions"; that twenty shares of the stock were issued to the said Kandler and receipted for by the appellant; that ten shares thereof were transferred to the appellant, on the 20th of June, 1893; that at the meeting of September 5, 1889, the general purposes of the corporation were discussed, and the appellant participated in that discussion; that the various assessments levied upon the stock by the company for the construction of the dam and ditches were paid by Mrs. Alexander; that the appellant in fact managed the shares of stock standing in Kandler's name, paid the assessments thereon, and attended the meetings of the stockholders; that at meetings of the stockholders discussions were had as to the dam, its construction and purpose, how it was to be built, and how maintained, and that the appellant was present at these discussions; that the dam was completed in December, 1889; that the appellant was present at a discussion when the contents of the Winters contract was had; that she had in the year 1890 conversed with the witness about the Winters contract, and that in that conversation she offered some objection to the contract letting the water run too soon; that she knew in 1890 that the contract

required the company to turn the water loose on or before the 1st of July upon notice from Winters.

Without quoting further from the record, we are of the opinion that this testimony is amply sufficient to justify this court in holding that the appellant was cognizant of the agreement with Winters, and that she acquiesced in the exercise by Winters of those rights reserved in the contract. She was a promoter of the enterprise before the corporation was formed; she was present when the corporation was formed; she was interested in the enterprise before the corporation was formed; she subscribed for stock in the name. of her immediate grantor, paid the assessments thereon, controlled the same, attended the meetings of the stockholders, participated in those meetings, and during the first year of the existence of the corporation discussed the provisions of the Winters contract, directly affecting her interest in this suit, with the secretary of the company. Winters exercised the rights reserved to him in that contract from the time the dam was completed until the commencement of this suit, and during all that time the appellant, or her immediate grantor, accepted the benefits of the corporation as declared in its purposes. The corporation had no franchise outside of the Winters contract, and the appellant is shown to have known this fact. Having therefore accepted the benefits of the contract, having permitted Winters for a number of years to exercise his rights under that contract, we are of the opinion that neither the corporation nor the appellant as a stockholder therein, and her immediate grantor, as a stockholder therein, have any right to repudiate its burdens.

Under the authorities cited in the opinion we think it is well settled that a person shall not be allowed at once to benefit by and repudiate an instrument, but, if he chooses to take the benefit which it confers, he shall likewise take the obligations or bear the onus which it imposes.

The petition for a rehearing will therefore be denied.